UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

6:16-cv-218-ORL-41-TBS

COLLECTIVE ACTION

JANERIO DWONNE BELL, individually
and on behalf of all those similarly
situated,

     Plaintiffs,

vs.

JAMES C. HALL, INC. and JAMES C. HALL,
Individually,

     Defendants.

_____/

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW the named Plaintiff, JANERIO DWONNE BELL, individually and

on behalf of all other similarly situated employees, (hereinafter referred to as "MR. BELL"

or "Plaintiff"), by and through undersigned counsel, hereby files his Collective Action

Complaint and Demand for Jury Trial against JAMES C. HALL, INC. and JAMES C.

HALL, individually, and state as follows:

## I.  INTRODUCTION

1.  This is a collective action under the Federal Fair Labor Standards Act, for

failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29

U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

1

2. MR. BELL brings this action on behalf of himself as well as other similarly situated employees who were employed by Defendants as laborers and were paid an hourly rate. (hereinafter referred to as "Laborer[s].").

3. MR. BELL will seek conditional certification and notice to an opt-in class of "Laborers" who are or were employed by Defendants during the three years preceding the filing of the Complaint; were paid an hourly rate; and were not properly paid overtime wages in violation of the Fair Labor Standards Act pursuant to the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 201.

5. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Seminole County, Florida in the Orlando Division of the Middle District of Florida.

## III. THE PARTIES

6. MR. BELL began his employment with Defendants as a Laborer approximately November 2013 to December 2014.

7. As a Laborer, MR. BELL's job duties included but were not limited to, laying and repairing asphalt.

8. As a Laborer, MR. BELL was and is paid an hourly rate.

9. MR. BELL was an employee of the Defendants within the meaning of the law and the FLSA.

2

10.     At all times relevant to the their employment, MR. BELL regularly used the instrumentalities of interstate commerce while performing his work.  At all times relevant to their employment, MR. BELL also regularly used the channels of commerce while performing his work.

11.     The Defendant, JAMES C. HALL, INC. is a construction company that maintains and operates an asphalt paving, repair and sealcoating division in Winter Springs, Florida.  Defendant, JAMES C. HALL, INC. is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, JAMES C. HALL, INC. has employees subject to the provisions of the FLSA, 29 U.S.C. Section 207, in the facility where MR. BELL was employed.

12.     Defendant, JAMES C. HALL, INC. has employed two or more persons, including MR. BELL, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

13.     MR. BELL avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, JAMES C. HALL, INC. was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

14.     Defendant, JAMES C. HALL, is an officer of Defendant, JAMES C. HALL, INC.

15.     Defendant, JAMES C. HALL, is involved in the day-to-day operation of Defendant, JAMES C. HALL, INC.

3

16.     Defendant, JAMES C. HALL, guided the company policies of JAMES C. HALL, INC.

17.     Defendant, JAMES C. HALL, actively engaged in the management, supervision, and oversight of Defendant, JAMES C. HALL, INC.

18.     Defendant, JAMES C. HALL had control over the financial affairs of Defendant, JAMES C. HALL, INC.

19.     Defendant, JAMES C. HALL, could have authorized Defendant, JAMES C. HALL, INC.'s compliance with the Fair Labor Standards Act.

20.     Defendant, JAMES C. HALL at all times material hereto was acting directly or indirectly in the interest of Defendant, JAMES C. HALL, INC. in relation to JAMES C. HALL's employees and was substantially in control of the terms and conditions of the employees' work and is a statutory employer under 29 U.S.C. Section 203(d).

21.     Plaintiffs have retained LaBar & Adams, P.A. to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

## IV.   **FACTUAL ALLEGATIONS**

22.     Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 20, above.

23.     The Defendant, JAMES C. HALL, INC. is a construction company that performs asphalt repair and paving.

24.     The Defendant, JAMES C. HALL is in the business of construction to include asphalt paving, asphalt repair, asphalt resurfacing, sealcoating, and asphalt maintenance.  At all times relevant to the violation of the FLSA, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

4

25.     MR. BELL, and all other similarly situated Laborers, were hired by Defendant to work on its crews laying asphalt, doing repairs and sealcoating.

26.     Throughout his employment, MR. BELL, as well as others similarly situated, had numerous workweeks where their hours worked exceeded forty in a given workweek.

27.     MR. BELL, and all other similarly situated Laborers, were hired and employed by Defendant as Laborers and were compensated on an hourly basis.

28.     Defendant, JAMES C. HALL, INC. had a companywide policy that applied to all its Laborers which provided that Laborers would cease being paid upon leaving the last jobsite of the day. As a result of this policy, the Laborers were not paid for their return travel time to Defendant's premise and the work performed by the Laborers once they returned to the Defendant's premise.

29.     As a result of the foregoing policy, the Laborers compensation resulted in a violation of the FLSA when the Laborers worked in excess of forty (40) hours in that workweek.

30.     Defendant, JAMES C. HALL, INC., had a policy of automatically deducting a one hour lunch break from all Laborers hours each workday.

31.     Defendant, JAMES C. HALL, INC., automatically deducted a one hour lunch break each workday from all Laborers even when a lunch break was not taken or had been interrupted.

32.     The automatic deduction of a one hour lunch break even though the Laborers did not take a lunch break or their lunch breaks were interrupted resulted in a

violation of the FLSA when the Laborers worked in excess of forty (40) hours in that workweek.

33.     Defendant, JAMES C. HALL, had knowledge that MR. BELL, as well as other similarly situated Laborers, were working overtime without proper compensation.

34.     The Defendant failed to make a good faith effort to determine if MR. BELL and similarly situated Laborers were being compensated appropriately pursuant to the FLSA.

35.     Defendant, JAMES C. HALL, INC., has also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

36.     Defendant, JAMES C. HALL, INC., also failed to post the required notice pursuant to the Fair Labor Standards Act.

## V.     COLLECTIVE ACTION ALLEGATIONS AS TO LABORERS

37.     MR. BELL, brings this action on behalf of himself and on behalf of similarly situated Laborers.  Specifically, he brings this claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in individuals who were employed by Defendants within the previous three (3) years as a Laborer at JAMES C. HALL, INC.

38.     While working for JAMES C. HALL, MR. BELL, and the similarly situated Laborers, had similar job duties, were paid the same, and were subject to the same illegal policies and practices.

6

39.     Defendant, JAMES C. HALL, INC., hired numerous Laborers similarly situated to the named Plaintiff, MR. BELL, who performed the same work, were paid the same, and were subject to the same illegal pay policies and practices as the named Plaintiffs.

40.     Defendant's unlawful compensation practices are in willful disregard of the rights of MR. BELL and other similarly situated Laborers.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISION OF THE**
**FAIR LABOR STANDARDS ACT**

41.     Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 6 through 20 and 23 through 40, above.

42.     Throughout the employment of MR. BELL and all other similarly situated Laborers, the Defendant, JAMES C. HALL, INC., repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate MR. BELL and all other similarly situated Laborers, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

43.     Specifically, MR. BELL, and all other similarly-situated Laborers, worked numerous weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

44.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, was an officer of Defendant, JAMES C. HALL, INC.

7

45.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, was involved in the day-to-day operation of Defendant, JAMES C. HALL, INC.

46.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, guided the company policies of Defendant, JAMES C. HALL, INC.

47.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, was actively engaged in the management, supervision, and oversight of Defendant, JAMES C. HALL, INC.

48.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, could have authorized Defendant, JAMES C. HALL, INC.'s compliance with the Fair Labor Standards Act.

49.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, had control over the financial affairs of Defendant, JAMES C. HALL, INC.

50.     Throughout the employment of MR. BELL, and all other similarly situated Laborers, Defendant, JAMES C. HALL, at all times material hereto was acting directly or indirectly in the interest of Defendant, JAMES C. HALL, INC. in relation to JAMES C. HALL, INC.'s employees and was substantially in control of the terms and conditions of the employees' work and is a statutory employer under 29 U.S.C. Section 203(d).

51.     Defendant, JAMES C. HALL, INC., failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

8

52.     Defendant, JAMES C. HALL, INC., failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, MR. BELL, individually and on behalf of all others similarly situated, demands judgment against Defendants, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: 2/ć/16

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)