UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:16-cv-218-Orl-41TBS

JANERIO DWONNE BELL, individually          COLLECTIVE ACTION
and on behalf of all those similarly
situated,

                Plaintiffs,

vs.

JAMES C. HALL, INC. and JAMES C. HALL,
Individually,

                Defendants.

_____/

## PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, JANERIO DWONNE BELL, Opt-In Plaintiffs, ROBERT PERNELL ANDERSON, TAVAREN DEVONE LATIMER, THOMAS J. ROGERS, EDGAR BASS III, ROBERT L. GRIFFIN, Jr., WESLEY L. O'NEAL (collectively "Plaintiffs") and Defendants, JAMES C. HALL, INC. and JAMES C. HALL, ("Defendants"), by and through their undersigned attorneys, hereby file their Joint Motion for Approval of Settlement[1] of the above captioned case. Plaintiffs and Defendants may hereinafter be collectively referred to as the "Parties." In support thereof, the attorneys for the Parties state as follows:

---

[1] The Parties' Joint Motion for Approval of Settlement is being submitted in compliance with *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222 (M.D. Fla. 2009)(providing for expedited FLSA settlement approval). This Honorable Court has approved the principles of *Bonetti. See e.g. Mathis v. Metro Corral Partners, Inc.*, 2014 WL 5039462 (M.D. Fla. Sept. 29, 2014) (Judge Mendoza approving Judge Smith's recommendation to approve a settlement relying upon *Bonetti*.); *Loven v. Occoquan Group Baldwin Park Corp*, 2014 WL 4639448 (M.D Fla. Sept. 16, 2014) (Judge Mendoza approving Judge Smith's recommendation to approve a settlement relying upon *Bonetti*.); *accord Strickland v. Wyndham Vacation Resorts, Inc*., 2014 WL 4791991 (M.D. Fla. Sept. 22, 2014)(Judge Mendoza approving Judge Kelly's recommendation to approve a settlement relying upon *Bonetti*.).

## I.   <u>Pertinent Facts</u>

1)      On February 9, 2016, the Plaintiff filed a Collective Action Complaint containing a single count for violations of the overtime provision of the Fair Labor Standards Act. ("FLSA"). (*See* Dkt. 1).

2)      Subsequently, Messrs. Anderson, Latimer, Rogers, Bass, Griffin, and O'Neil filed Opt-In Notices.  (*See* Dkts. 10-13, 17, 22).

3)      On March 28, 2016, Defendants filed their Answer and Affirmative Defenses. (Dkt. 20).  The Defendants raised ten separate Affirmative Defenses.  (*See Id.* 5-7).

4)      On April 4, 2016, Plaintiffs sent a seven (7) page correspondence to Defendants outlining what they believed to be defects to Defendants' Affirmative Defenses.  The Parties were able to resolve the issues short of judicial intervention.

5)      The Parties exchanged over 1,200 pages of documents pursuant to the Court's FLSA Scheduling Order.   (*See* Dkts. 21-23).

6)      Plaintiffs filed their Answers to Court Interrogatories.  (*See* Dkts. 25-30).

7)      Based on the voluminous pay and time records received from Defendants, Plaintiffs constructed detailed probability models regarding the potential damages that could be recovered by the Plaintiffs.

8)      Plaintiffs also prepared the necessary affidavits, evidence and a draft Motion for Conditional Certification to be filed.

9)      On June 9, 2016, pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A) and in accordance with this Court's FLSA Scheduling Order, (Dkt. 21 at 2, ¶ 4), a meeting was held in person between counsel of record to prepare the Case Management Report and talk about possible resolution of this matter. While the Settlement Conference did not result in a resolution,

over the next three weeks the Parties continued to negotiate, exchange evidence, and aggressively pursued a reasonable compromise of the claims.

10)     The Parties have now reached a settlement.

11)     Plaintiffs and Defendants hereby request approval of the Parties' Settlement. (*See* Composite Exhibit "A").

12)     Because Plaintiffs' claims have been compromised and arises under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court.

## II.     Legal Analysis

13)     In *Bonetti*, the Court outlined an expedited procedure for approving FLSA settlements. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). *Bonetti* requires the Parties to advise the Court: (1) that the settlement constitutes a compromise of the plaintiff's FLSA claims; (2) of the terms of the settlement, to include the factors and reasons considered in reaching the same and justifying the compromise of the plaintiff's claims; and (3) that plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff. *Id*. at 1228. If the foregoing is provided to the Court by the Parties and the settlement is patently reasonable, the Court will approve the settlement without a lodestar inquiry. *Id*.[2]

14)     The Parties agree that the settlement constitutes a compromise of the Plaintiffs' FLSA overtime claims. *See Bonetti*, 715 F.Supp.2d at 1228.

15)     The terms of the settlement are contained in composite exhibit "A" to this motion. The Plaintiffs' claims were based upon Defendants' alleged policy of automatically deducting a lunch break even though one was not taken or was interrupted and Defendants' alleged failure to

---

[2] Prior to *Bonetti*, the starting point for Courts in the District to determine the reasonableness of an FLSA settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353

pay compensable drive time.  (Dkt. 1 at ¶¶ 27-32).

The factors considered in the compromise of Plaintiffs' claims include the Defendants' position and evidence that Plaintiffs will not be able to prove a violation of the FLSA because the Defendants had no knowledge that Plaintiffs were working through lunch and thus the Plaintiffs cannot prove their claim under case law.  *See Fletcher v. Universal Tech. Inst., Inc.,* 2006 WL 2297041 *1 (M.D. Fla. June 15, 2006)("a plaintiff must show that his employer had knowledge … of his overtime worked.") (internal quotations and citations omitted).[3]  Even if the Plaintiffs could show knowledge on the part of the Defendants with regards to Plaintiffs working through lunch, the Parties still disputed the computation of possible overtime hours worked.

Another factor considered was the detailed, meticulous, and voluminous, time and pay records the Defendants kept in relation to the Plaintiffs.  Another factor considered was the fact that Plaintiff's entire claim was "off the clock work" and the difficulty of proving such a claim.  Another factor considered was that there were many weeks in which Defendants' time records reflected that Plaintiffs did not even work forty hours in the week.

The compromise of the drive time claim was based upon an analysis of the Portal-to-Portal Act,[4] case law interpreting the Portal-to Portal Act,[5] the evidence regarding the amount of time the Plaintiffs actually spent driving, and the evidence regarding the amount of weeks that the Plaintiffs' actually worked at least forty hours.

Additional factors considered were Defendants' 29 U.S.C. § 259 defense to liability and

---

(11th Cir. 1982) was to conduct a lodestar analysis of Plaintiff's attorney fees.  *See Bonetti*, 2009 WL 2371407 *4.

[3] *See also* Defendants' Third Affirmative Defense.  (Dkt. 20 at 6).

[4] *See* 29 U.S.C. §§ 251-62

[5] *Compare Donatti v Charter Comm., LLC.*, 950 F.Supp.2d 1038 (W.D. Mo. 2013); *Brand v. Comcast Corp.*, 135 F.Supp.3d 713 (N.D. Ill. 2015); *Butler v. DirectStat USA., LLC.*, 55 F.Supp.3d 793 (D. Md. 2014, *with Herman v. Rich Kramer Constr., Inc.*, 1998 WL 664622 (8th Cir. 1998); *Dooley v. Liberty Mut. Ins. Co.*, 307 F.Supp.2d 234 (D. Mass. 2004); *Garcia v. Crossmark, Inc.*, 20145 WL 9943433 (D.N.M. March 26, 2015).

29 U.S.C. § 260 defense to liquidated damages. (*See* Dkt. 20 at 5, 7).  It was also considered, that portions of Plaintiffs' claims were in the third year for statute of limitations purposes and the lack of evidence of a willful violation.  The final factors considered are Defendants' ability to pay any potential judgement and Plaintiffs' current need for the settlement proceeds.

16)    The range of Plaintiffs' potential recovery is from zero to $116,243.10 including liquidated damages.  Plaintiffs unpaid overtime claim amounts to $58,121.55.  When considering the factors outlined *supra*, the viability of Plaintiffs' claims fall toward the low end of the range of possible recovery.  The Plaintiffs will be receiving a total sum of $29,500.00.  By way of settlement, Plaintiffs will be receiving approximately 50% of the total wages claimed.[6]  The Parties agree that the settlement achieved is a fair and reasonable resolution of a bona fide dispute over the FLSA.

17)    Plaintiffs agree that they have entered into the settlement knowingly and voluntarily and after having the opportunity to fully discuss the issues with their counsel.  *See generally King v. Wells Fargo Home Mortg.,* 2009 WL 2370640, *2 (M.D.Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

18)    The settlement agreements also contain a general release of any and all claims relating to or arising out of Plaintiffs' employment with Defendants which is supported by additional consideration for each Plaintiff.  Defendants also agreed to a general release and a non-disparagement clause.  Courts approve such releases and clauses under these circumstances.

---

[6] The division of the amount paid into liquidated damages and wages under the settlement agreement was an attempt to ensure that the Plaintiffs received the most "cash-in-hand" from this

*See e.g. Raynon v. RHA/Fern Park Mr., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. Oct. 27, 2014)(Smith, J.); *see also Weldon v. Blackwoods Steakhouse*, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014)(Smith, J.); *Camal v. Shelter Mortg, Co., LLC.*, 2013 5421955 *4 (M.D. Fla. Sept. 26, 2013)(Spaulding, J.); *Bacorn v. Palmer Auto Body & Glass, LLC.*, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012)(Spaulding, J.); *Vergara v. Delicias Bakery & Rest., Inc.*, 2012 WL 2191299 *2-3 (M.D. Fla. May 31, 2012)(Spaulding, J.); *Miller v. Escalante-Spanish Wells*, LLC., 2:14-cv-739-Ft.M-29CM (M.D. Fla. Sept. 15, 2015)(Dkt. 27)(Mirando, J). Furthermore, these clauses were considered separately and negotiated separately. *See Menjiva v. E&L Construction Serv.*, 2015 WL 3485991 *2 (M.D. Fla. June 2, 2015)(Presnell, J)(declining to accept a general release in an FLSA case because the parties do not state that the release was negotiated separately); *Bonetti v. Embarq Management, Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009)(Presnell, J.)(approving FLSA settlement with a general release where supported by an additional $500.00 consideration). Finally, Plaintiffs are unaware of any other potential claims.

19)    The Parties acknowledge that the Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. *See Bonetti*, 715 F.Supp.2d at 1228.

**III.    Conclusion**

WHEREFORE, based on the foregoing, and pursuant to *Bonetti*, the Parties respectfully request that this Court approve their Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

---

settlement due to possible tax implications.  Of course, counsel advised the Plaintiffs to contact their accountant or a tax consultant.

Dated:  August 5, 2016


Respectfully submitted,


/s/ Scott C. Adams, Esq.
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (telephone)
(407) 835-8969 (facsimile)
Attorney for the Plaintiffs

/s/ J. Stephen McDonald, Esq.
J. STEPHEN MCDONALD, ESQ.
Florida Bar No.: 0468940
ROBERT CLAYTON ROESCH, ESQ.
Florida Bar No.: 00139310
Shuffield, Lowman & Wilson, P.A.
1000 Legion Place, Suite 1700
P.O. Box 1010
Orlando, Florida 32802-1010
(407) 581-9800 (telephone)
(407) 581-9801 (facsimile)
Attorney for the Defendants
The Primary email address for electronic
service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com