## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between JANERIO DWONNE BELL ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.   **RECITALS**.   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.      **RELEASE OF CLAIMS**.

a.      This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

b.      The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.      **CONSIDERATION**.

a.      If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $2,750.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $2,750.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.15, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.58, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee. The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum". Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee. Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.      Employer makes no representation as to the taxability of the amounts paid to Employee. Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted. Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.      **AFFIRMATIONS**. Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit. Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.     **NO ADMISSION**.     Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6.     **OPPORTUNITY TO REVIEW**.   Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7.     **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future: (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.     **SEVERABILITY**.   Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.     **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.    **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: _____7/2 8_____, 2016          **JANERIO DWONNE BELL**

Dated: _____7-26_____, 2016          **JAMES C. HALL, INC.**

By: _____

Its: _____

Dated: _____7-26_____, 2016       **JAMES C. HALL**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between ROBERT PERNELL ANDERSON ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.      **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **RELEASE OF CLAIMS**.

      a.    This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

      b.    The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.    **CONSIDERATION**.

      a.    If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $1,250.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $1,250.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee.   The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum".   Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee.   Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.      Employer makes no representation as to the taxability of the amounts paid to Employee.  Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted.  Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.      **AFFIRMATIONS**.  Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit. Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.    **NO ADMISSION**.    Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer.  This Agreement represents the compromise of disputed and contingent claims.

6.    **OPPORTUNITY TO REVIEW**.  Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7.    **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future:  (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.    **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.    **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.    **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: 8-01-2016, 2016          ROBERT PERNELL ANDERSON

Dated: 7-26, 2016          JAMES C. HALL, INC.

By:
Its:

Dated: _____7-26_____, 2016          **JAMES C. HALL**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between TAVAREN DEVONE LATIMER ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.    **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.     **RELEASE OF CLAIMS**.

a.     This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

b.     The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.     **CONSIDERATION**.

a.     If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $4,250.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $4,250.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee.   The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum".   Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee.   Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.      Employer makes no representation as to the taxability of the amounts paid to Employee.   Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted.   Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.      **AFFIRMATIONS**.   Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit.   Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5. **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6. **OPPORTUNITY TO REVIEW**.   Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7. **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future: (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8. **SEVERABILITY**.   Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW**.   This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10. **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: ___8-2-___, 2016          **TAVAREN DEVONE LATIMER**

Dated: ___7-26___, 2016          **JAMES C. HALL, INC.**

By: _____

Its: _____

Dated: _____7-26_____, 2016          JAMES C. HALL

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between THOMAS J. ROGERS ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.      **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.   **RELEASE OF CLAIMS**.

a.     This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

b.     The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.   **CONSIDERATION**.

a.     If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $1,250.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $1,250.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee. The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum". Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee. Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.      Employer makes no representation as to the taxability of the amounts paid to Employee. Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted. Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.      **AFFIRMATIONS**. Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit. Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.     **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6.     **OPPORTUNITY TO REVIEW**.  Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7.     **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future: (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.     **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.     **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.    **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _____, 2016          **THOMAS J. ROGERS**


Dated: _____, 2016          **JAMES C. HALL, INC.**

By: _____
Its: _____

Dated: _____, 2016          **JAMES C. HALL**

## <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between EDGAR BASS III ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.    **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.   **RELEASE OF CLAIMS**.

      a.    This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

      b.    The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.   **CONSIDERATION**.

      a.    If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $1,250.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $1,250.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee.  The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum".  Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee.  Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.     After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.     Employer makes no representation as to the taxability of the amounts paid to Employee.  Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted.  Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.     **AFFIRMATIONS**.  Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit.  Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.    **NO ADMISSION**.    Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6.    **OPPORTUNITY TO REVIEW**.    Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.    Employee signs this Agreement voluntarily.

7.    **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future: (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.    **SEVERABILITY**.    Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.    **VENUE AND GOVERNING LAW**.    This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.    **ENTIRE AGREEMENT.**    This Agreement sets forth the entire agreement between Employee and Employer.    Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: 7-28-16 , 2016          **EDGAR BASS III**

Dated: 7-26 , 2016          **JAMES C. HALL, INC.**

By:

Its:

Dated: _____7-26_____, 2016          **JAMES C. HALL**

_____

## <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between WESLEY L. O'NEAL ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.      **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.      **RELEASE OF CLAIMS**.

    a.      This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

    b.      The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.      **CONSIDERATION**.

    a.      If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $2,750.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $2,750.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee. The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum". Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee. Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

c.      Employer makes no representation as to the taxability of the amounts paid to Employee. Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted. Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

4.      **AFFIRMATIONS**. Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit. Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.      **NO ADMISSION**.    Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6.      **OPPORTUNITY TO REVIEW**.  Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7.      **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future:  (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.      **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.      **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.     **ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.  **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.  **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: 7/-28____, 2016          **WESLEY L. O'NEAL**

_____

Dated: ___7-26___, 2016          **JAMES C. HALL, INC.**

By: _____

Its: _____

Dated: _____ 7-26 _____, 2016      **JAMES C. HALL**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made by and between ROBERT L. GRIFFIN, Jr. ("Employee"), JAMES C. HALL, INC. and JAMES C. HALL (collectively "Employer") and governs the settlement of all claims related to Employee's employment with Employer:

WHEREAS, Employee alleged unpaid overtime compensation was due to him pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA");

WHEREAS, Employee has filed a one count Complaint alleging overtime violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Orlando Division), being Case No. 6:16-cv-218-Orl-41-TBS (the "Lawsuit");

WHEREAS, Employer denies liability and/or any other wrongdoing in respect to Employee;

WHEREAS, Employee and Employer wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all claims related to or arising out of Employee's employment with Employer are hereby resolved as follows:

1.    **RECITALS**.   The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **RELEASE OF CLAIMS**.

    a.    This Agreement shall constitute a waiver and release of all claims the parties might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against each other relating to or arising out of Employee's employment with Employer.

    b.    The parties hereby knowingly and voluntarily releases and forever discharge each other, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, managers, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims against each other relating to or arising out of Employee's employment with Employer, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, which either party has or might have as of the date of execution of this Agreement.

3.    **CONSIDERATION**.

    a.    If (1) Employee executes this Agreement; then, in consideration of the matters set forth herein, Employer shall pay to Employee the following:

- One check made payable to Employee in the amount of $1,250.00, with payroll taxes withheld, representing unpaid overtime wages.
- A second check made payable to Employee in the amount of $1,250.00, with no payroll taxes withheld, representing liquidated damages; and
- A third check made payable to Employee in the amount of $857.14, with no payroll taxes withheld, representing consideration for Employer's general release.

Employer shall also make a fourth check payable to LaBar & Adams, P.A. in the amount of $2,428.57, which represents the attorney's fees and costs incurred by that firm representing the

Employee in the Lawsuit that were agreed upon separately and without regard to the amount paid to Employee.   The foregoing four payments are hereinafter collectively referred to as the "Settlement Sum".   Such Settlement Sum shall be due within ten (10) days of the execution of the Agreement by Employee.   Employee understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of Claims contained herein, the filing of a Joint Motion for Approval of Settlement in the Lawsuit, and his fulfillment of the promises contained herein.

   b.      After the Settlement Sum is tendered to LaBar & Adams, P.A., such checks shall be held until Court approval of Employee's Motion for Court Approval and the dismissal of the Lawsuit with prejudice.

   c.      Employer makes no representation as to the taxability of the amounts paid to Employee. Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement excepted as noted above with respect to the first check where taxes have been deducted.   Moreover, Employee agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Employee or his attorneys under the terms of this Agreement.

   4.      **AFFIRMATIONS**.  Employee affirms that he has not filed nor is presently a party to any claim, complaint, or action against Releasees in any forum or form other than the Lawsuit. Employee further affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorney's fees and costs in connection with his claims for overtime compensation.

5.   **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by Employer. This Agreement represents the compromise of disputed and contingent claims.

6.   **OPPORTUNITY TO REVIEW**.   Employee acknowledges he is aware he is giving up all claims he may have against Employer relating to or arising out of Employee's employment with Employer, including his FLSA claims.   Employee signs this Agreement voluntarily.

7.   **NON-DISPARAGEMENT**. The parties agree that they will not now or in the future: (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding each other, or (b) make is authorize to be made any written or oral statement that may disparage the reputation of each other.

8.   **SEVERABILITY**.   Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.   **VENUE AND GOVERNING LAW**.   This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

10.   **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Employee and Employer.   Employee acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except those set forth in this Agreement.

11.   <u>AMENDMENTS</u>.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12.   THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.  THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _7-2 6_____, 2016          ROBERT L. GRIFFIN, Jr.

Dated: ___7-26____, 2016          JAMES C. HALL, INC.

By: _____
Its: _____

Dated: _____7-26_____, 2016          **JAMES C. HALL**

_____